■ In the Matter of GARY G. Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondent Blum dated October 6, 1980 and made after a statutory fair hearing, which affirmed the local agency's denial of medical assistance because petitioner had failed to provide certain requested information and had not provided a valid excuse for this failure. Petition granted, on the law, without costs or disbursements, determination annulled and respondents are directed to provide petitioner with medical assistance, retroactive to July 2, 1977. In July of 1977, petitioner, nearly 30 years old and at one time a free-lance artist, was admitted to Long Island Jewish-Hillside Medical Center having suffered a nervous breakdown. Shortly thereafter, his father filed an application for medical assistance on his son's behalf. He was given a list of necessary information to be provided to the local Department of Social Services, and it is admitted that this requested information was provided. Certain information was also requested of petitioner's wife, from whom petitioner was separated and who lived in Massachusetts. This information, too, was provided. According to petitioner's father, over the next three months a number of demands for additional records and information were made, with which he complied. The local agency, however, did not show any activity in this case from July until

October 11, 1977, at which time petitioner was sent a letter demanding the following information: "(1) Bank statements for the last 12 months on your wife's account; (2) Explanation of and verification of deposits in your checking account from March 10 to April 8 totalling $1,125.00; and (3) Letter from you or your representative explaining your employment during the end months of 1976 and the early months (Jan.-April) of 1977." Additionally, petitioner was instructed to apply for Social Security benefits and send "official documentation" that he had. All of the above was expected to be done by October 18, 1977 — less than a week from the time this letter could possibly have been received. Petitioner's father requested an extension. It is clear that he was given one, but the agency's records are somewhat unclear as to the details of the extension. Its records first indicate that the extension was denied and the case was closed. Then it appears that he was given an arbitrary extension date of November 10, 1977. Petitioner's father stated at the hearing that he knew he had been given extra time, but had not been given a specific deadline. He also testified that he attempted to question his son about the checking accounts, etc., but to no avail; petitioner, diagnosed as manic-depressive, was unable to assist in his application. All of the wife's bank statements, but for June and August, 1977, were received by the agency on November 10, 1977. Additional information was received by the local agency on or about November 15. On November 10, however, the case had been closed and a notice of denial had been sent to petitioner, whose father then wrote to his Congressman in an attempt to clear up the matter. A hearing was finally held on November 15, 1978. On January 26, 1979, respondent Blum affirmed the denial, on the ground that the hearing had not been requested within the 60-day statutory limit. Petitioner thereafter commenced a proceeding pursuant to CPLR article 78 to review this determination, and by decision dated December 19, 1979, the Supreme Court, Nassau County (Di Paola, J.), annulled the determination, finding that the hearing had been timely, as the notice of right to hearing had not advised petitioner that such right had to be exercised within 60 days. Further, the court granted the petition. In directing the local agency to provide petitioner with medical assistance retroactive to July 2, 1977, the court stated that petitioner had "provided all information regarding his income and resources and verified same to the extent it was humanly possible to do so, given his state of health at the time." The court additionally noted that the agency had not conducted a collateral investigation as it was obliged to do under 18 NYCRR 360.4 (d). Respondent Blum thereafter moved to reargue and sought remand of the case, so as to reach a determination on the merits. By order dated April 29, 1980, the case was remanded. On October 6, 1980, respondent Blum again affirmed the local agency decision to deny assistance, stating that petitioner did not comply with the request for information and "did not provide a valid reason for failing to do so". Further, Blum stated that although petitioner contended that he was incapacitated and unable to respond, his father was acting as his representative and "the information requested should not have been that difficult to obtain". Respondent Blum's determination is not supported by substantial evidence in the record, and, therefore, must be annulled (see, e.g., *Matter of Roach v Toia*, 58 AD2d 652). There is no evidence whatsoever to indicate that the local agency's determination was based in any part on the failure of petitioner to provide "a valid reason" for the alleged noncompliance. The record is clear that petitioner's father, and even his estranged wife, made a genuine effort to co-operate with the local agency. There is also a lack of evidence to support respondent Blum's determination that, even if petitioner was incapable of responding to the requests, his father should have been able to do so. Two of the three items requested were

peculiarly within the knowledge of the then mentally ill petitioner, i.e., "explanation" of his checking account deposits and work experience. Such being the case, there was very little that petitioner's father could have done; this was not a question of simply making copies of documents and providing them to the local agency, but required the active participation of petitioner, which he was incapable of providing. The father did attempt to supply helpful material, e.g., his son's checking account statements for the months in question. On the whole, the local agency's actions in this case appear to have been unreasonable and inflexible. Respondent Blum had an opportunity on remand to correct the pattern of conduct upon which Special Term had commented unfavorably, but chose not to do so. As the determination is not supported by substantial evidence, it must be annulled and the petition granted. Mollen, P. J., Damiani, Titone and Bracken, JJ., concur.