■ In the Matter of CAROL DE STEFANO, Petitioner, v ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this

---

court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Commissioner of Social Services which denied petitioner's application for medical assistance.

Petitioner, an indigent person, was hospitalized beginning in the latter part of January, 1982. On February 24, 1982, petitioner applied to the Albany County Department of Social Services (county), for medical assistance. To prove her entitlement, she was required to submit certain documents, among which was her life insurance policy. The policy was required in order to determine whether it had any cash value. Except for the policy, she was able to supply the necessary documentation which indicated her entitlement. On April 28, 1982, her application was rejected by the county for failure to produce the policy.[*] Later, a fair hearing was conducted resulting in an affirmance of the county's decision by the State Commissioner of Social Services.

At the hearing, petitioner explained that the reason she did not submit the policy earlier was that it was inaccessible. She testified that it was in her mother's safety deposit box and that her mother was unavailable because of sickness and absence from the State. There was no contradictory testimony. Petitioner also testified that she obtained the name of the insurance agency and the policy number and gave that information to a receptionist at the county's office. That testimony was uncontradicted except that the county's representative stated that the file did not contain that information. Petitioner offered to supply further information, but the hearing officer terminated the hearing without giving her an opportunity to do so.

Although the commissioner's regulations (18 NYCRR 360.14) establish administrative deadlines for rendering decisions and place a burden upon the applicant to provide necessary information, that burden is also shared by the agency (18 NYCRR 360.1 [e] [3]). If the applicant is unable to furnish the necessary records for verification, the local social services official is directed to conduct a collateral investigation in order to obtain the necessary verification (18 NYCRR 360.4 [d]). This was not done. We hold that the county's rejection of petitioner's application was arbitrary and capricious (see *Matter of Moroz v D'Elia,* 100 AD2d 622). Petitioner was entitled to medical assistance on the

---

[*] Thereafter, she produced the policy and the county determined her eligibility and established the effective date as March 1, 1982, a date too late to provide for her heaviest expenses which were incurred during her hospitalization prior to that date.

date of the application and for 90 days prior thereto. The commissioner's decision was not supported by substantial evidence.

Determination annulled, without costs, petition granted, and matter remitted to respondents for further proceedings not inconsistent herewith. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

