■ SOUTHSIDE HOSPITAL, Appellant, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, Respondent.—In an action to recover the value of medical services provided to a patient allegedly eligible for Medicaid benefits, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Corso, J.), dated October 7, 1983, which denied its motion for summary judgment.

Order reversed, on the law, with costs, and the plaintiff's motion is granted to the extent that the plaintiff is awarded partial summary judgment on the issue of liability for the

reasonable value of its services provided to the patient Joseph Scheinberger, and matter remitted to the Supreme Court, Suffolk County, for an assessment of the reasonable value of said services.

Joseph Scheinberger was a patient at the plaintiff hospital from January 1979 until May 1979. His application for Medicaid benefits was denied in March 1979, and a decision after a fair hearing affirmed that denial. The basis for the denial was the applicant's failure to produce documentation proving that the profit realized on the sale of his Bronx home in 1968 was no longer available to him to cover the costs of his medical expenses.

Mr. Scheinberger was 84 years old when he was admitted to the plaintiff hospital. He was both ill and senile and apparently could do very little to effectively aid in the disposition of his own application. At the fair hearing, he explained that his Bronx home had been sold for $20,000 in 1968, and that the money just "went". Mr. Scheinberger's sister-in-law refused to cooperate in establishing Mr. Scheinberger's eligibility even when subpoenaed by the hospital's attorneys. The respondent failed to conduct any investigation and denied the application based essentially on a failure to cooperate.

Although the State Commissioner's regulations place a burden upon the applicant to provide necessary information (18 NYCRR 360.1 [e] [2]), this burden is shared by the agency (18 NYCRR 360.1 [e] [3]). When an applicant is unable to furnish the necessary records for verification, the local social services official is obliged to conduct a collateral investigation in order to obtain the necessary documentation (18 NYCRR 360.4 [d]). Despite this regulatory obligation, the respondent completely failed to conduct any investigation regarding the application, and simply denied it. Under these circumstances, said failure constituted error, as a matter of law, and Mr. Scheinberger accordingly should have been deemed eligible for medical assistance (see, Matter of Gary G. v D'Elia, 88 AD2d 975; Matter of De Stefano v Albany County Dept. of Social Servs., 107 AD2d 969; see also, Calvary Hosp. v D'Elia, 95 AD2d 817). The hospital's motion for summary judgment accordingly should have been granted to the extent indicated above.

We note that contrary to the respondent's assertions, the plaintiff's motion for summary judgment was adequately supported by evidentiary proof in admissible form entitling it to the remedy sought (see, Olan v Farrell Lines, 64 NY2d 1092; Zuckerman v City of New York, 49 NY2d 557). Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.