■ In the Matter of VERONICA NEUNIE, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. [598 NYS2d 971] — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated February 23, 1990, made after a statutory fair hearing, which affirmed a determination of the local agency that the petitioner was ineligible for public assistance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The fair hearing record established that the petitioner applied for medical assistance after a hospitalization at Nassau County Medical Center from December 27, 1988, to January 5, 1989. The local agency requested documentation regarding the deposits and withdrawals made from the petitioner's checking account as well as a signed citizenship form. The petitioner, however, failed to comply with the local agency's request. We therefore find that as the local agency could not verify the petitioner's income at the time of her hospitalization, the Commissioner's determination was supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181). Moreover, as the petitioner did not show that she was unable to document the information clearly requested, the local agency had no obligation to conduct a collateral investigation *(see,* 18 NYCRR 360-2.3 [a] [1], [2], [3]; *Hopkins v Blum,* 87 AD2d 613).

We further find that the petitioner received a fair hearing *(see,* 18 NYCRR 358-5.6, 358-4.3). Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.