■ In the Matter of GERALDINE S. CHASE, as Attorney-in-Fact and on Behalf of HARRY CHASE, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [675 NYS2d 203] —White, J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered May 2, 1997 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying a request for medical assistance for Harry Chase.

On April 21, 1993, Larry Chase (hereinafter the son) created a trust for the benefit of his mother, Geraldine Chase, and irrevocably assigned the corpus ($100) to the trustees (himself and his brother) with directions to pay the net income to the mother under certain circumstances. The unstated purpose of the trust was to accomplish a transfer of assets for it provided that from time to time the grantor or others could make additions to the corpus.* On April 1, 1996, the son, on behalf of his father, Harry Chase, who was a resident of a nursing-care facility, signed and filed an application for Medicaid benefits with respondent Schenectady County Department of Social Services (hereinafter DSS). Following its review of the application, DSS requested that the father provide it with, *inter alia*, "[f]iduciary reports for Geraldine S. Chase Trust 8/93 to current". Through the father's attorney, Norma Hogan, who represented the son in creating the trust, the son provided statements showing that the trust earned $6,948 in 1993, $10,247 in 1994 and $12,660 in 1995. Apparently, because these sums indicated a significant corpus, DSS asked Hogan to submit, *inter alia*, the 1993, 1994 and 1995 fiduciary tax returns. Hogan replied that the father did not have them, instructing DSS to request them from the trustees, which it did. The son refused to provide the returns unless DSS could cite its authority supporting the request. Subsequently, DSS

* Information contained in petitioner's brief shows that in November 1996 the trust's corpus was $338,377.

denied the father's application due to his failure to provide the tax returns, which determination was sustained by respondent State Department of Social Services. The father's unsuccessful challenge to that determination in this CPLR article 78 proceeding resulted in this appeal.

Medicaid is a jointly funded Federal and State medical assistance program whose purpose is to pay for necessary medical care for eligible individuals whose income and resources are insufficient to meet the costs of medical care (*see, Cricchio v Pennisi*, 90 NY2d 296, 304-305). Because it is not the intent of the Medicaid program to provide assistance to those who have purposely created their own need (*see, Matter of Molloy v Bane*, 214 AD2d 171, 174; *Matter of Addington v Dowling*, 213 AD2d 1080), a social services district may "look back" 30 months from the date of the application to determine if the applicant transferred any resources for less than fair market value (18 NYCRR 360-4.4 [c] [1] [i]). In the event a social services district does look back, an applicant is obligated to provide information affecting his or her eligibility (18 NYCRR 360-2.3 [a] [2]).

Despite this statutory intent, the father argues that DSS lacked authority to seek the tax returns since the trust was not a present or potential resource. The father's argument is misdirected for the issue here is not whether the trust was an available resource within the meaning of 18 NYCRR 360-4.4, but whether DSS could rightly request the returns to verify that the father had not transferred within the "look back" period any resources for less than fair market value. To us, given the son's dual role not only as the creator of the trust but also as his father's representative and attorney-in-fact, together with the unexplained growth of the trust's corpus, DSS had the authority to do so especially in light of its obligation to verify and evaluate the factual information regarding an applicant's eligibility for Medicaid assistance and its overarching responsibility to preserve scarce public resources (*see*, 18 NYCRR 360-2.3 [a] [1]; *see also, Seaner v Schimke*, 919 F Supp 115, 120; *Matter of Badenhausen v New York State Dept. of Social Servs.*, 151 AD2d 913).

Maintaining that only an applicant is obligated to respond to a request for information, the father next argues that Supreme Court erred in finding that the son, as the father's representative, was likewise obligated. We disagree since, under the principles of agency, the son was bound to act on the father's behalf and provide the requested information (*see, Maurillo v Park Slope U-Haul*, 194 AD2d 142, 146). Indeed, there can be no other rule since, generally, when a representative files a

Medicaid application for an applicant, he or she does so because the applicant is too infirm or incapacitated to act on his or her own behalf. We also point out that, in signing the application, the son agreed to provide additional information if requested to do so.

Lastly, the father contends that DSS should be precluded from denying his application due to its failure to conduct a collateral investigation after Hogan advised it that he (the father) did not have the returns (see, 18 NYCRR 360-2.3 [a] [3]). We reject this contention since Hogan's conclusory denial of the father's ability to obtain the tax returns was insufficient to shift the burden of obtaining them to DSS, particularly as these records were in possession of his son-representative (see, Seaner v Schimke, supra, at 120; Matter of Neunie v Perales, 193 AD2d 681).

In light of the unique circumstances of this case, Supreme Court's dismissal of this proceeding was proper since the record evidence establishes a failure by the father to furnish complete information relative to his eligibility for Medicaid assistance (see, 18 NYCRR 360-2.3 [a] [2]; 351.8 [a] [2] [ii]; see also, Matter of Badenhausen v New York State Dept. of Social Servs., supra, at 915).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.

