■ GREEN MANOR ASSOCIATES, Doing Business as GREEN MANOR NURSING HOME, Appellant, v JOHN BEAUDOIN, as Commissioner of the Rensselaer County Department of Social Services, Respondent, et al., Defendant. [727 NYS2d 759] —Mercure,

---

J. P. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered August 22, 2000 in Rensselaer County, which, *inter alia*, granted a motion by defendant Rensselaer County Commissioner of Social Services for summary judgment dismissing the complaint against him.

Plaintiff, the operator of a nursing home, provided residence, health care and related services to Dorothy Van Ort (hereinafter decedent) from June 15, 1998 until June 7, 1999. In this action, plaintiff seeks to recover the fair and reasonable value of those services, which it fixes at $59,169.50. Defendant Dirk Van Ort, who is not a party to this appeal, is decedent's only child, was her attorney-in-fact during the period of her residence at plaintiff's facility and, following her death, was appointed executor of her estate. Plaintiff's claim of liability against the Rensselaer County Department of Social Services (hereinafter DSS) is predicated upon the assertion that decedent was eligible to receive Medicaid benefits, that Medicaid would have covered the full cost of the services provided by plaintiff, and that DSS improperly failed or neglected to approve the Medicaid application filed on decedent's behalf. On this appeal, plaintiff challenges Supreme Court's order granting a motion by defendant Rensselaer County Commissioner of Social Services for summary judgment dismissing the complaint against him.

We affirm. The record establishes that on February 9, 1999, decedent signed a form authorizing plaintiff's representative "to go to [DSS] to apply for Medicaid," and plaintiff thereafter filed a Medicaid application in decedent's name. Notably, the application filed by plaintiff omitted any and all information concerning decedent's income, resources and housing expenses. Accompanying the application was a letter from plaintiff's Director of Resident and Family Services stating: "I am applying for Medicaid on behalf of [decedent]. The facility has limited information on [decedent's] resources. [Decedent] has informed me her son was handling her affairs. Her son called February 4, 1999 to the facility. He is aware of the Medicaid application being filed. He was mailed a list of what information will be needed for her application." DSS's subsequent efforts to obtain from plaintiff or Van Ort the information necessary to determine decedent's eligibility were unsuccessful. On July 9, 1999, DSS sent a notice to decedent in care of Van Ort advising that the application had been denied based upon a failure to submit pending information and inability to determine eligibility.

18 NYCRR 360-2.3 (a) (3) provides, in pertinent part, as follows: "The applicant/recipient is the primary source of eligibil-

ity information. When an applicant/recipient is unable to document the information provided, the social services district must conduct an investigation to verify such information. The social services district must also conduct such an investigation if it believes that information provided by an applicant/recipient is inaccurate." Notably, a failure to provide requested information necessary to determine an applicant's eligibility justifies denial of a Medicaid application (*see, Matter of Badenhausen [Spatafora] v New York State Dept. of Social Servs.*, 151 AD2d 913, 914). In this case, the failure was patent. Recognizing that fact, plaintiff nonetheless contends that DSS had an obligation to ascertain the omitted information through its own collateral investigation. We disagree.

First, plaintiff is asking not that DSS obtain documentation necessary to verify the accuracy of the information set forth on the application (*compare, Southside Hosp. v Kirby*, 123 AD2d 430, *appeals dismissed* 69 NY2d 875, 985; *Matter of De Stefano v Albany County Dept. of Social Servs.*, 107 AD2d 969) but, rather, seeks to have DSS complete the application in the first instance. We are unaware of any such obligation. Second, this is not a case where the necessary information was unavailable to the applicant. To the contrary, it appears that Van Ort possessed all necessary information, but for some reason chose not to disclose it. Under the circumstances, we conclude that plaintiff was unable to make the required showing of inability (*see*, 18 NYCRR 360-2.3 [a] [3]; *Seaner v Schimke*, 919 F Supp 115, 120; *Matter of Neunie v Perales*, 193 AD2d 681; *Matter of Hopkins v Blum*, 87 AD2d 613, 614, *affd* 58 NY2d 1011).

Plaintiff's additional contentions, including the claim that it was denied due process by DSS's notice of denial, have been considered and found to be unavailing.

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.