█ In the Matter of WILLIAM J. COGEOS, Petitioner, v ANTONIA C. NOVELLO et al., Respondents. [815 NYS2d 170]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Antonia C. Novello, as Commissioner of the Department of Health of the State of New York, dated April 2, 2004, which, after a hearing, confirmed a determination

of the respondent Kevin Mahon, as Commissioner of the Westchester County Department of Social Services, denying the September 20, 2000 application of the petitioner's decedent for medical assistance benefits, and accepting the February 19, 2002 application for medical assistance benefits effective November 1, 2001.

Adjudged that the determination is confirmed, with one bill of costs, the petition is denied, and the proceeding is dismissed on the merits.

The determination of the Department of Health of the State of New York, made after a hearing, sustaining the determination of Kevin Mahon, as Commissioner of the Westchester County Department of Social Services, is supported by substantial evidence (see Matter of Estate of Rossman v Novella, 300 AD2d 483 [2002]; Matter of Frohlinger v DeBuono, 278 AD2d 323, 324 [2000]; Matter of Neunie v Perales, 193 AD2d 681 [1993]). Moreover, as the petitioner did not show that he was unable to document the financial information requested, the Westchester County Department of Social Services had no obligation to conduct a collateral investigation (see 18 NYCRR 360-2.3 [a] [1], [2], [3]; Matter of Neunie v Perales, supra). Further, while defective notice effectively tolls the applicable statute of limitations (see Matter of Zellweger v New York State Dept. of Social Servs., 74 NY2d 404, 408 [1989]), there is no basis for tolling in this case (see Matter of Fieldston Lodge Nursing Home v DeBuono, 261 AD2d 543, 543-544 [1999]; Matter of Glengariff Health Care Ctr. v Glass, 231 AD2d 717, 718 [1996]). Crane, J.P., Ritter, Mastro and Lunn, JJ., concur.