■ In the Matter of MAE FELLS, Petitioner, v DAVID A. HANSELL et al., Respondents. [910 NYS2d 485]—

Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Department of Health, dated January 22, 2009, which, after a fair hearing, affirmed a determination of the Nassau County

Department of Social Services to discontinue the petitioner's personal care services pursuant to 18 NYCRR 505.14.

Adjudged that the branch of the petition which was to reinstate the petitioner's personal care services is denied, as academic; and it is further,

Adjudged that the branch of the petition which was for reimbursement of costs incurred by the petitioner as a result of the discontinuance of services is denied; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

In August 2007 the petitioner was authorized by the Nassau County Department of Social Services (hereinafter the DSS), pursuant to 18 NYCRR 505.14, to receive three hours of personal care services, seven days a week, as a result of a diagnosis that, inter alia, she suffered from chronic cervical and lumbar radiculopathy. The petitioner's eligibility to receive the personal care services was reassessed by the DSS in August 2008, and the petitioner was notified, on or about September 5, 2008, of the DSS's intent to discontinue the services based upon its finding that the personal care services were no longer medically necessary. The petitioner requested and received a fair hearing. In a determination issued after the fair hearing, dated January 22, 2009, a designee of the respondent Richard F. Daines, Commissioner of the New York State Department of Health (hereinafter the DOH), affirmed the DSS's determination to discontinue the petitioner's personal care services. The petitioner then commenced this CPLR article 78 proceeding seeking the reinstatement of her personal care services and reimbursement for any out-of-pocket costs incurred as a result of the discontinuance of the services.

A determination rendered by the DOH after a fair hearing is final and binding upon the DSS, and since the DSS must comply with the determination pursuant to 18 NYCRR 358-6.1 (b), the Commissioner of the DSS, John E. Imhof, is not a proper party to the proceeding (see Matter of Loiacono v Demarzo, 72 AD3d 969 [2010]). Accordingly, the proceeding must be dismissed insofar as asserted against the respondent Imhof in his capacity as Commissioner of the DSS (id.).

We take judicial notice of the fact that since the commencement of this proceeding on May 12, 2009, as a result of the petitioner sustaining injuries in a car accident, the DSS reopened the petitioner's case, reassessed the petitioner's needs, and reauthorized the petitioner to receive personal care services pursuant to 18 NYCRR 505.14 for 3³/₄ hours per day, one day a week. The reauthorized personal care services are in accordance

with the recommendation of the petitioner's doctor, and the nursing, medical and social assessment of the petitioner's needs conducted by the DSS. The petitioner has not challenged the reassessment or the limited reinstatement of services.

Since personal care services cannot be reinstated retroactively and the petitioner has not challenged the limited reinstatement of her personal care services, the petition must be denied, as academic, insofar as it sought reinstatement of personal care services (*see Matter of Egan v New York City Dept. of Social Servs.*, 251 AD2d 577 [1998]).

However, the petitioner also requested reimbursement for any out-of-pocket costs incurred as a result of the determination to discontinue her personal care services. Since the petitioner failed to submit any proof of costs incurred to which she would be entitled to reimbursement, and the record is devoid of any such evidence, the petition must be denied insofar as it sought reimbursement of these costs (*cf. id.*; *Matter of Denton v Perales*, 195 AD2d 506, 507 [1993]). Fisher, J.P., Dillon, Florio and Lott, JJ., concur.

---

Motion by the respondents David A. Hansell, Commissioner of the New York State Office of Temporary and Disability Assistance, and Richard F. Daines, Commissioner of the New York State Department of Health, in effect, for this Court to take judicial notice of certain documents. By decision and order on motion of this Court dated May 21, 2010, the motion was held in abeyance, and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto and upon the submission of the appeals, it is

Ordered that the motion is granted. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.