■ In the Matter of THEODORE LoBLANCO, Respondent, v DAVID A. HANSELL, Appellant, et al., Respondent. [921 NYS2d 551]—

In a proceeding pursuant to CPLR article 78 to review a determination of David A. Hansell, as Commissioner of the New York State Office of Temporary and Disability Assistance, dated March 24, 2008, which, after a hearing, confirmed a determination of Susan Sherwood, as Commissioner of the Rockland County Department of Social Services, denying the petitioner's application for medical assistance benefits, the New York State Office of Temporary and Disability Assistance appeals from a judgment of the Supreme Court, Rockland County (Jamieson, J.), dated January 27, 2010, which granted the petition and annulled the determination.

Ordered that the appeal is dismissed, and the judgment dated January 27, 2010, is vacated; and it is further,

Adjudged that the determination dated March 24, 2008, is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Since the petition raised a substantial evidence question, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]; *Matter of Computer Cent. v City of New York*, 296 AD2d 498 [2002]). Nonetheless, since the record is now before us, this Court will treat the issue as if it had been properly transferred, and review the matter de novo (*see Matter of Patricia Ann Cottage Pub, Inc. v Mermelstein*, 36 AD3d 816, 817 [2007]; *Matter of Sweeney v Barrios-Paoli*, 266 AD2d 398, 398 [1999]). Moreover, since the determination rendered by the New York State Office of Temporary and Disability Assistance (hereinafter the OTDA), as a designee of the Commissioner of the New York State Department of Health, is final and binding upon the Rockland County Department of Social Services (hereinafter the DSS) (*see* 18 NYCRR 358-6.1 [b]), the proceeding must be dismissed insofar as asserted against Susan Sherwood in her capacity as the Commissioner of the DSS, since she is not a proper party (*see Matter of Fells v Hansell*, 77 AD3d 941, 942 [2010]; *Matter of Loiacono v Demarzo*, 72 AD3d 969, 969 [2010]; *Matter of Baker v Mahon*, 72 AD3d 811, 813 [2010]).

Turning to the merits, the determination of the Commissioner of the OTDA, made after a hearing, sustaining the determination of the Commissioner of the DSS denying the petitioner's application for medical assistance benefits, is supported by substantial evidence (*see Matter of Cogeos v Novello*, 29 AD3d 692, 692-693 [2006]; *Matter of Estate of Rossman v Novella*, 300 AD2d 483 [2002]; *Matter of Frohlinger v DeBuono*, 278 AD2d 323, 324 [2000]; *Matter of Neunie v Perales*, 193 AD2d 681 [1993]). Moreover, as the petitioner did not establish that he was unable to provide documentation of the financial information requested, the DSS had no obligation to conduct a collateral investigation (*see* 18 NYCRR 360-2.3 [a] [1], [2], [3]; *see Matter of Cogeos v Novello*, 29 AD3d at 693; *Matter of Chase v New York State Dept. of Social Servs.*, 252 AD2d 612, 614 [1998]; *Matter of Neunie v Perales*, 193 AD2d at 681). Mastro, J.P., Rivera, Austin and Roman, JJ., concur.