■ In the Matter of SALVATORE NIOSI, Petitioner, v GREGORY J. BLASS, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents. [942 NYS2d 358]—

Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Department of Health dated March 9, 2010, which, after a fair hearing, affirmed a determination of the Suffolk County Department of Social Services dated March 24, 2009, denying the petitioner's application for medical assistance benefits on the ground that he failed to provide certain documentation necessary to determine his eligibility to receive such benefits.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner has been residing in a nursing home since 2006, and applied for medical assistance benefits to defray the cost of such residence. However, the Suffolk County Department of Social Services (hereinafter the DSS) denied his application on the ground that he failed to provide certain documentation necessary to determine his eligibility to receive such benefits. The petitioner claims, inter alia, that he was not able to obtain the requested documentation despite good-faith efforts, that the DSS failed to conduct a collateral investigation as requested, and that without the grant of medical assistance benefits he will suffer undue hardship.

Initially, since the determination of the New York State Department of Health (hereinafter the DOH), made after a hearing, affirming the DSS's determination denying the petitioner's application, is final and binding upon the DSS (*see* 18 NYCRR 358-6.1 [b]), the proceeding must be dismissed insofar as asserted against Gregory J. Blass, as Commissioner of the DSS, since he is not a proper party to the proceeding (*see Matter of LoBlanco v Hansell*, 83 AD3d 1072 [2011]; *Matter of Fells v Hansell*, 77 AD3d 941 [2010]; *Matter of Baker v Mahon*, 72 AD3d 811 [2010]).

Turning to the merits, the determination of the DOH, made after a hearing, affirming the determination of the DSS denying the petitioner's application for medical assistance benefits, is supported by substantial evidence (*see Matter of Cogeos v Novello*, 29 AD3d 692 [2006]; *Matter of Estate of Rossman v Novella*, 300 AD2d 483 [2002]; *Matter of Neunie v Perales*, 193 AD2d 681 [1993]). Moreover, as the petitioner did not establish that he was unable to provide documentation of the information requested, the DSS had no obligation to conduct a collateral investigation (*see* 18 NYCRR 360-2.3 [a] [1], [2], [3]; *Matter of Chase v New York State Dept. of Social Servs.*, 252 AD2d 612 [1998]; *cf. Southside Hosp. v Kirby*, 123 AD2d 430 [1986]; *Matter of Gary G. v D'Elia*, 88 AD2d 975 [1982]).

The petitioner's remaining contentions are without merit. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.