■ In the Matter of VINCENT BOSCO, as Executor of FRANK BOSCO, Deceased, Petitioner, v KEVIN McGUIRE, as Commissioner of the Westchester County Department of Social Services, et al., Respondents, and NIRAV SHAH, M.D., as Commissioner of the Department of Health of the State of New York, et al., Respondents. [975 NYS2d 687]—

Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the Department of Health of the State of New York dated December 3, 2010, which, after a fair hearing pursuant to Social Services Law § 22, affirmed a determination of the Westchester County Department of Social Services dated February 17, 2010, that the petitioner's decedent, Frank Bosco, was ineligible for Medicaid benefits due to the decedent's failure to submit proper documentation.

Adjudged that the determination is confirmed, the petition is denied insofar as asserted against Nirav Shah, M.D., as Commissioner of the Westchester County Department of Social Services, the Department of Health of the State of New York, and the Westchester County Department of Social Services, the petition is dismissed insofar as asserted against the New York State Office of Temporary and Disability Assistance, the proceeding is dismissed on the merits insofar as asserted against Nirav Shah, M.D., as Commissioner of the Westchester County Department of Social Services, the Department of Health of the State of New York, and the Westchester County Department of Social Services, and the proceeding is dismissed for failure to state a cause of action against the New York State Office of Temporary and Disability Assistance, with costs.

In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence (*see Matter of Stanley B. v Shah*, 103 AD3d 890 [2013]). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact. The petitioner bears the burden of demonstrating eligibility" (*Matter of Loiacono v Demarzo*, 72 AD3d 969, 969-970 [2010] [citation and internal quotation marks omitted]).

Here, the determination of the Department of Health of the State of New York that the petitioner's decedent failed, without good cause, to provide in a timely manner documents necessary for the processing of the decedent's application is supported by substantial evidence (*cf. Matter of Estate of Daniell v Demarzo*, 74 AD3d 1063, 1063 [2010]; *Matter of Estate of Eichna v Demarzo*, 52 AD3d 513, 513 [2008]). Contrary to the petitioner's contention, the Westchester County Department of Social Services was not required to conduct a collateral investigation under the circumstances of this case (*see Matter of Niosi v Blass*, 94 AD3d 892, 893 [2012]; *Matter of LoBlanco v Hansell*, 83 AD3d 1072, 1073 [2011]; *Green Manor Assoc. v Beaudoin*, 285

AD2d 807, 808-809 [2001]; *Matter of Chase v New York State Dept. of Social Servs.*, 252 AD2d 612, 614 [1998]), and the decedent did not meet the criteria for undue hardship set forth in 18 NYCRR 360-4.10 (a) (12). The petitioner's remaining contentions are similarly without merit. Accordingly, the determination must be confirmed.

Additionally, the New York State Office of Temporary and Disability Assistance (hereinafter OTDA) is not a proper party to this proceeding. The OTDA did not render the determination denying the decedent's Medicaid application (*see Matter of La Russo v Neuringer*, 105 AD3d 743, 744 [2013]; *Matter of Navaretta v Town of Oyster Bay*, 72 AD3d 823, 826 [2010]), and the petitioner does not seek any relief from that entity. Accordingly, the proceeding must be dismissed insofar as asserted against the ODTA. Rivera, J.P., Dillon, Roman and Miller, JJ., concur.