■ In the Matter of MARTHA WEISS, Petitioner, v SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [993 NYS2d 368]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated November 1, 2012, which, after a hearing, affirmed a determination of the Suffolk County Department of Social Services dated March 27, 2012, that Martha Weiss was not eligible for Medicaid for a period of 6.84 months by virtue of an uncompensated transfer of certain of her assets.

Adjudged that the proceeding is dismissed insofar as asserted against the Suffolk County Department of Social Services, the determination is confirmed, and the petition is denied and the proceeding is dismissed on the merits insofar as asserted against the New York State Department of Health, with one bill of costs to the respondents.

In October 2011, an application for Medicaid was filed on behalf of the petitioner, Martha Weiss. In a determination dated March 27, 2012, the Suffolk County Department of Social Services (hereinafter the DSS) awarded Weiss limited benefits, but imposed a penalty period of 6.84 months of ineligibility for nursing facility services, based on its finding that the petitioner had made an uncompensated transfer of the sum of $78,236.74 to her daughter Beverly Blier.

At a fair hearing conducted by the New York State Department of Health (hereinafter the DOH), the petitioner did not dispute the DSS's finding that the funds had been transferred without compensation in order to qualify the petitioner for Medicaid. The petitioner asserted, however, that she was entitled to a reduction in the duration of the penalty period because Blier had paid the sum of $41,600 for assisted living care for the petitioner before the petitioner entered a nursing facility. The DOH affirmed the DSS's determination, finding that the petitioner was not entitled to the reduction of the period of ineligibility under the relevant statutes and regulations. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the DOH's determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Contrary to the petitioner's contention, the DOH's determination is supported by substantial evidence (see CPLR 7803 [4]). When determining Medicaid eligibility, an agency is required to "look back" for a period of 60 months immediately preceding the first date the applicant was both "institutionalized" and had applied for Medicaid benefits, to determine if any asset transfers were uncompensated or made for less than fair

market value (42 USC § 1396p [c] [1] [A], [B]; Social Services Law § 366 [5] [e] [1] [vi]). If such a transfer was made during that period, the applicant may become ineligible for Medicaid benefits for a specified period of time (*see* 42 USC § 1396p [c] [1] [A], [E]; Social Services Law § 366 [5] [e] [3]), unless there is a "satisfactory showing" that, among other possibilities, the applicant intended to dispose of the assets for fair market value, or all assets transferred for less than fair market value have been returned to the applicant (42 USC § 1396p [c] [2] [C] [i], [iii]; *see* 42 USC § 1396p [e]; Social Services Law § 366 [5] [e] [4] [iii]). In addition, DOH Administrative Directive 96 ADM-8 (hereinafter the directive) provides that the period of ineligibility can be reduced where a portion of the transferred assets is returned to the applicant. As relevant to this proceeding, the directive recites that transferred assets shall be considered returned if the transferee provides the applicant "with an equivalent amount of cash or other liquid assets" or the transferee uses the assets "to pay for [the applicant's] nursing facility services" (DOH Admin Directive 96 ADM-8 at 23-24).

Here, the petitioner has not asserted that she was compensated or received consideration for any portion of the sum of $78,236.74 that was transferred to Blier. Rather, she maintains that the sum of $41,600 that Blier paid to the assisted living facility in which the petitioner resided constituted compensation to the petitioner of an equivalent amount of cash or other liquid assets within the meaning of the directive, and that the DOH's interpretation of the directive to the contrary is unreasonably restrictive, rendering its determination unsupported by substantial evidence. The plain language of the provision of the directive at issue, however, defines the "return of assets" only as the return to the applicant of "an equivalent amount of cash or other liquid assets" or the use by the transferee of the assets to pay for the applicant's "nursing facility services." The directive does not include, in the definition of the term "return of assets," the use of those assets to pay for the applicant's residence in an "assisted living facility." The DOH's determination that the payments to the assisted living facility in which the petitioner resided did not constitute a return of assets to the petitioner, as defined by the directive, is supported by substantial evidence.

Contrary to the petitioner's contention, the penalty should not be waived on the ground that it results in an undue hardship. The petitioner failed to demonstrate, among other things, that she would be deprived of medical care so as to endanger her health or life (*see* Social Services Law § 366 [5] [e] [4] [iv]; 18 NYCRR 360-4.4 [c] [1] [ii] [d] [2]).

Additionally, since the determination of the DOH, made after the fair hearing, is final and binding upon the DSS, and the DSS must comply with it (*see* 18 NYCRR 358-6.1 [b]), the proceeding must be dismissed insofar as asserted against the DSS, since it is not a proper party to this proceeding (*see Matter of Safran v Shah*, 119 AD3d 590, 590-591 [2014]; *Matter of Niosi v Blass*, 94 AD3d 892, 893 [2012]; *Matter of LoBlanco v Hansell*, 83 AD3d 1072, 1073 [2011]). Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.