Matter of Medford Multicare Ctr. v Zucker (2018 NY Slip Op 03837)





Matter of Medford Multicare Ctr. v Zucker


2018 NY Slip Op 03837


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-03309
 (Index No. 6965/15)

[*1]In the Matter of Medford Multicare Center, etc., petitioner, 
v
Howard A. Zucker, etc., et al., respondents.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Lake Success, NY (Moriah Adamo of counsel), for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Steven C. Wu and David S. Frankel of counsel), for respondent Howard A. Zucker.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Department of Health dated December 30, 2014. The determination, after a fair hearing pursuant to Social Services Law § 22, upheld a determination of the Suffolk County Department of Social Services dated September 24, 2014, that Louise Wick was ineligible for Medicaid benefits due to her failure to submit proper documentation.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In 2012, Louise Wick, a 91-year-old person with a guardian, was admitted to long-term care at the petitioner nursing home. Wick's guardian authorized the petitioner's Medicaid coordinator to represent Wick during the Medicaid eligibility process. On or about July 28, 2014, Wick's representative submitted a Medicaid application to the Suffolk County Department of Social Services (hereinafter DSS) on Wick's behalf, seeking coverage from April 1, 2014. DSS requested certain documentation by August 11, 2014, including statements from specified bank accounts held at Citibank and Chase. Wick's representative submitted some, but not all, of the requested documentation, and secured two extensions of time. The last extension of time request cited difficulty the representative was having in obtaining the Chase account statements. DSS extended the time for production of the documents until September 11, 2014. Prior to that date, Wick's representative submitted the Chase account statements and certain other documents. She did not submit the Citibank account statements, request another extension of time, or seek DSS's aid in obtaining the documents. In a determination dated September 24, 2014, DSS denied the application for failure to submit required documentation. Following a fair hearing, in a determination dated December 30, 2014, the New York State Department of Health (hereinafter DOH) affirmed DSS's determination.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review [*2]DOH's determination. The proceeding was transferred to this Court pursuant to CPLR 7804(g).
In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence (see Matter of Sandoval v Shah, 131 AD3d 1254, 1255). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). The petitioner bears the burden of demonstrating eligibility (see Matter of Bosco v McGuire, 111 AD3d 931, 932; Matter of Loiacono v Demarzo, 72 AD3d 969, 969-970).
Here, the determination of DOH that Wick's representative failed, without good cause, to provide in a timely manner documents necessary for the processing of her application is supported by substantial evidence (see 18 NYCRR 351.8[a][2][ii]; Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d 696, 696; Matter of Bosco v McGuire, 111 AD3d 931, 932; Matter of Frohlinger v DeBuono, 278 AD2d 323, 324; cf. 18 NYCRR 351.26[a][2], [3]; Matter of Eichna v Demarzo, 52 AD3d 513). Accordingly, the determination must be confirmed.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court