Matter of Schaffer v Zucker (2018 NY Slip Op 07313)





Matter of Schaffer v Zucker


2018 NY Slip Op 07313


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-02441
 (Index No. 2154/15)

[*1]In the Matter of Daniel Schaffer, etc., petitioner
v
Howard Zucker, etc., respondent.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Lake Success, NY (Moriah Adamo of counsel), for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Andrew W. Amend and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Department of Health dated August 20, 2015. The determination, after a fair hearing pursuant to Social Services Law § 22, upheld a determination of the Rockland County Department of Social Services dated March 1, 2013, that Beatrice Fountain was ineligible for Medicaid benefits due to her failure to submit proper documentation.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner filed a CPLR article 78 petition to review a determination of a designee of the Commissioner of the New York State Department of Health (hereinafter the Commissioner), after a fair hearing, which upheld a determination of the Rockland County Department of Social Services (hereinafter Social Services) that Beatrice Fountain was ineligible for Medicaid benefits. Fountain's application for Medicaid was denied due to missing documentation. Fountain had appointed her niece, Kim Howell, as her attorney in fact in 2007, and Howell had authorized attorney Andrew Lamkin, Esq., to represent Fountain. In connection with the Medicaid application, Social Services sent a request to Lamkin to send it certain documents by a date certain. Lamkin requested
an extension of time to submit the documents, and Social Services granted the extension. Thereafter, however, Lamkin failed to provide the requested documentation by the extended deadline; as a result, the application was denied by Social Services.
The petitioner's contentions that Social Services was required to send Fountain copies of its communications with her attorney, and that her dementia constituted good cause for the failure to timely provide the required documentation, are unpreserved for review, as those arguments were not raised at the fair hearing (see Matter of Almodovar v Griffin, 159 AD3d 694, 695; Matter of Rieser v New York City Dept. of Educ., 133 AD3d 465; Matter of Leslie v Fischer, 107 AD3d 1264).
In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence (see Matter of Pagnani v Suffolk County Dept. of Social Servs. 152 AD3d 696; [*2]Matter of Bosco v McGuire, 111 AD3d 931, 932; Matter of Gabrynowicz v New York State Dept. of Health, 37 AD3d 464). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact. The petitioner bears the burden of demonstrating eligibility" (Matter of Loiacono v Demarzo, 72 AD3d 969, 969-970 [internal quotation marks and citations omitted]).
Here, the denial of the application for Medicaid benefits due to lack of documentation was supported by substantial evidence (see Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d at 696; Matter of Bosco v McGuire, 111 AD3d at 932). Moreover, the determination of Social Services that the petitioner did not establish good cause for failing to timely provide the requested documents is also supported by substantial evidence (see Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d at 696; Matter of Bosco v McGuire, 111 AD3d at 932).
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court