Matter of Mangels v Zucker (2019 NY Slip Op 00601)





Matter of Mangels v Zucker


2019 NY Slip Op 00601


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-07098 DECISION, ORDER & JUDGMENT
 (Index No. 10858/16)

[*1]In the Matter of Gayle Mangels, etc., petitioner,
v
Howard A. Zucker, etc., et al., respondents.


Korsinsky & Klein, LLP, Brooklyn, NY (Michael Korsinsky, Samuel Diamantstein, and Jonathan Engel of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark H. Shawhan of counsel), for respondents Howard A. Zucker and Samuel D. Roberts.
Dennis M. Brown, County Attorney, Hauppauge, NY (Elaine M. Barraga and Dana Kobos of counsel), for respondent John F. O'Neill.
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated August 8, 2016. The determination, after a fair hearing pursuant to Social Services Law § 22, upheld a determination of the Suffolk County Department of Social Services denying an application of one of the petitioner's residents for Medicaid benefits. Motion by the respondent John F. O'Neill, as Commissioner of the Suffolk County Department of Social Services, to dismiss the proceeding insofar as asserted against him.



ADJUDGED that the proceeding is dismissed insofar as asserted against Samuel D. Roberts, as Commissioner of the New York State Office of Temporary and Disability Assistance, and John F. O'Neill, as Commissioner of the Suffolk County Department of Social Services, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits insofar as asserted against Howard A. Zucker as Commissioner of the New York State Department of Health; and it is further,
ORDERED that the motion of John F. O'Neill, as Commissioner of the Suffolk County Department of Social Services, to dismiss the proceeding insofar as asserted against him is denied as academic in light of our determination; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The petitioner, a skilled nursing facility, commenced this proceeding pursuant to CPLR article 78 seeking to annul a determination by the New York State Department of Health (hereinafter the DOH), made after a fair hearing. The DOH upheld a determination of the Suffolk County Department of Social Services (hereinafter the DSS) denying an application for Medicaid [*2]benefits made by Lola Aronowitz, a resident in the petitioner's facility, due to her failure to submit proper documentation. Aronowitz, a legally incapacitated individual, has been residing at the facility since September 16, 2014. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
The determination rendered by the DOH is final and binding upon the DSS (see 18 NYCRR 358-6.1[b]). Thus, the proceeding must be dismissed insofar as asserted against John F. O'Neill, as Commissioner of the DSS, since he is not a proper party to the proceeding (see Matter of Niosi v Blass, 94 AD3d 892, 893; see also Matter of Weiss v Suffolk Dept. of Social Servs., 121 AD3d 703, 706). The proceeding also must be dismissed insofar as asserted against Samuel D. Roberts, as Commissioner of the New York State Office of Temporary and Disability Assistance (hereinafter the OTDA), as the OTDA did not render the final determination at issue here (see Matter of Bosco v McGuire, 111 AD3d 931, 933; see also Matter of La Russo v Neuringer, 105 AD3d 743, 744).
In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence (see Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d 696, 696; Matter of Bosco v McGuire, 111 AD3d at 932). Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact (see Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d at 696; Matter of Bosco v McGuire, 111 AD3d at 932). The petitioner bears the burden of demonstrating eligibility (see Matter of Medford Multicare Ctr. v Zucker, 161 AD3d 1160, 1162; Matter of Bosco v McGuire, 111 AD3d at 932).
Here, the DOH's determination upholding the DSS's denial of Aronowitz's application for Medicaid benefits is supported by substantial evidence. The record of the proceeding shows that Aronowitz did not provide the documents necessary for the processing of her application in a timely manner (see Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d at 696; Matter of Bosco v McGuire, 111 AD3d at 932). Aronowitz's guardian admitted at the fair hearing that the requested documents had not been provided, and failed to establish that Aronowitz was unable to obtain the documentation or establish other good cause for her failure to do so (see 18 NYCRR 351.5[a]; 360-2.3[a][3]; Matter of Bosco v McGuire, 111 AD3d at 932; Matter of Niosi v Blass, 94 AD3d at 893; Matter of LoBlanco v Hansell, 83 AD3d 1072, 1073).
Accordingly, we confirm the DOH's determination, deny the petition, and dismiss
the proceeding on the merits insofar as asserted against Howard A. Zucker, as Commissioner of the DOH.
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court