# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1326**

**TP 11-01443**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF PATRICK L. CAPRI, AS
ADMINISTRATOR OF THE ESTATE OF MARY CAPRI,
DECEASED, PETITIONER,

V                                                    MEMORANDUM AND ORDER

RICHARD F. DAINES, M.D., COMMISSIONER, NEW
YORK STATE DEPARTMENT OF HEALTH, LUCILLE A.
SOLDATO, COMMISSIONER, ONEIDA COUNTY DEPARTMENT
OF SOCIAL SERVICES, AND ONEIDA COUNTY DEPARTMENT
OF SOCIAL SERVICES, RESPONDENTS.

---

KOWALCZYK, DEERY, HILTON & BROADBENT, LLP, UTICA (ROBERT K. HILTON,
III, OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENT RICHARD F. DAINES, M.D., COMMISSIONER, NEW
YORK STATE DEPARTMENT OF HEALTH.

JOHN A. HERBOWY, UTICA, FOR RESPONDENTS LUCILLE A. SOLDATO,
COMMISSIONER, ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, AND ONEIDA
COUNTY DEPARTMENT OF SOCIAL SERVICES.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Oneida County [Anthony F.
Shaheen, J.], entered June 6, 2011) to review a determination of
respondent Richard F. Daines, M.D., Commissioner, New York State
Department of Health.  The determination found after a fair hearing
that petitioner was currently ineligible for medical assistance
benefits.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  In this CPLR article 78 proceeding, petitioner
contends, as administrator of the estate of his mother (decedent),
that the determination of Richard F. Daines, M.D., Commissioner, New
York State Department of Health (respondent) is not supported by
substantial evidence.  Respondent upheld the determination of
respondents Lucille A. Soldato, Commissioner, Oneida County Department
of Social Services, and Oneida County Department of Social Services
(hereafter, DSS respondents) that decedent made certain uncompensated
transfers prior to her admission in a skilled nursing facility.  We

reject petitioner's contention.

   "In reviewing a Medicaid eligibility determination made after a fair hearing, 'the court must review the record, as a whole, to determine if the [respondent's] decisions are supported by substantial evidence and are not affected by an error of law' " (*Matter of Barbato v New York State Dept. of Health*, 65 AD3d 821, 822-823, *lv denied* 13 NY3d 712).  Decedent presented evidence at the fair hearing that she and petitioner had a joint checking account and that certain expenditures, primarily for home improvement and repair of petitioner's home, where decedent also lived, were paid from that account.  In addition, decedent alleged that cash withdrawals used for food, clothing and medicine were made from the joint account. Respondent determined that the transfers related to petitioner's home were not for the benefit of decedent inasmuch as she did not have an interest in the home.  He further determined that the DSS respondents were unable to verify how cash withdrawals were expended.  With respect to two transfers from the joint account to decedent's granddaughters, respondent determined that the lack of a history of gift giving, as well as decedent's advanced age and poor health, supported a determination that the transfers were not made "exclusively for a purpose other than to qualify for medical assistance" (Social Services Law § 366 [5] [d] [3] [iii] [B]; *see Matter of Gabrynowicz v New York State Dept. of Health*, 37 AD3d 464, 465-466).  We conclude that respondent's determination that the transfers from the joint account were made for less than fair market value is supported by substantial evidence (*see Gabrynowicz*, 37 AD3d at 465; *see generally Barbato*, 65 AD3d at 822-823), i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180; *see Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court