■ In the Matter of STANLEY B., Petitioner, v NIRAV R. SHAH et al., Respondents. [962 NYS2d 275]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Health dated June 29, 2011, which, after a fair hearing pursuant to Social Services Law § 22, confirmed a determination of the New York State Office for People With Developmental Disabilities to discontinue providing the petitioner with Medicaid services on the ground that he was not developmentally disabled within the meaning of Mental Hygiene Law § 1.03 (22).

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence. " '[S]ubstantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically' " (*Matter of Jason B. v Novello*, 12 NY3d 107, 114 [2009], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). " '[T]he court[ ] may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists' " (*Matter of J. Scaramella Trucking v Martinez*, 39 AD3d 858, 859 [2007], quoting *Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987] [internal quotation marks omitted]).

Here, there is substantial evidence in the record that the petitioner was not developmentally disabled within the meaning of Mental Hygiene Law § 1.03 (22), including, among other things, the hearing testimony of the respondents' medical expert that the petitioner's 2009 adaptive behavior testing scores placed him outside the threshold for continued Medicaid eligibility. Accordingly, the determination to discontinue the petitioner's Medicaid services he received from the New York State Office for People With Development Disabilities was proper (*see Matter of Jason B. v Novello*, 12 NY3d at 114). Mastro, J.P., Lott, Roman and Cohen, JJ., concur.