SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

689

TP 13-02235

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF BEATRICE L. CORCORAN,
PETITIONER,

V                                                MEMORANDUM AND ORDER

NIRAV R. SHAH, M.D., M.P.H., COMMISSIONER,
NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENT.

---

DESMARTEAU & BEALE, ROCHESTER (GEORGE DESMARTEAU OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Monroe County [John J. Ark,
J.], entered December 18, 2013) to review a determination of
respondent. The determination, among other things, imposed an 18-
month delay in petitioner's Medicaid eligibility.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
challenging the determination that an 18-month delay in her Medicaid
eligibility was properly imposed as a penalty for transferring
resources in order to qualify for Medicaid coverage. We confirm the
determination. Where a petitioner has transferred assets for less
than fair market value, he or she must "rebut the presumption that the
transfer of funds was motivated, in part if not in whole, by . . .
anticipation of future need to qualify for medical assistance" (*Matter
of Mallery v Shah*, 93 AD3d 936, 937 [internal quotation marks
omitted]; *see Matter of Donvito v Shah*, 108 AD3d 1196, 1198). Here,
the New York State Department of Health determined that, during the
60-month look-back period, petitioner and her husband made
uncompensated transfers of approximately $176,000 to their family
members. The evidence presented at the hearing established that
petitioner had mobility issues for several years prior to her
hospitalization and application for Medicaid, and petitioner failed to
submit any medical records to support the allegation that she was in
good health. Furthermore, petitioner failed to establish that the
transfers were "part of a long-standing pattern," inasmuch as she
presented no evidence that substantial gifts such as the uncompensated

transfers at issue were made in prior years (*see Matter of Lipkin v New York State Dept. of Social Servs.*, 146 AD2d 964, 964-965). Thus, contrary to petitioner's contention, we conclude that substantial evidence supports the determination that petitioner failed to rebut the presumption that the transfers were motivated, at least in part, by a desire to qualify for Medicaid (*see Matter of Barbato v New York State Dept. of Health*, 65 AD3d 821, 822-823, *lv denied* 13 NY3d 712).

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court