# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1203**
**TP 16-00501**
PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF THE ESTATE OF EMILIE S. BURKE,
DECEASED, BY SANDRA DIMARCO, EXECUTOR,
PETITIONER,

V                                                    MEMORANDUM AND ORDER

HOWARD ZUCKER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF HEALTH, RESPONDENT.

---

KARPINSKI, STAPLETON & TEHAN, PC, AUBURN (ADAM H. VANBUSKIRK OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Cayuga County [Thomas G.
Leone, A.J.], entered March 23, 2016) to review a determination of
respondent. The determination imposed a penalty of 17.3 months on the
Medicaid application of petitioner's decedent.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination that Emilie S. Burke (decedent) was
not Medicaid-eligible for nursing facility services for a period of
17.3 months on the ground that she had made uncompensated transfers
during the look-back period (*see* Social Services Law § 366 [5] [a],
[e] [1] [vi]). The determination of the Cayuga County Department of
Health and Human Services that decedent was not eligible for those
services was affirmed by respondent, and we now confirm the
determination.

"When reviewing a Medicaid eligibility determination made after a
fair hearing, we must determine whether the agency's decision is
supported by substantial evidence and [is] not affected by an error of
law, bearing in mind that the petitioner bears the burden of
demonstrating eligibility" (*Matter of Flannery v Zucker*, 136 AD3d
1385, 1385 [internal quotation marks omitted]). "We will uphold the
agency's determination when it is 'premised upon a reasonable
interpretation of the relevant statutory provisions and is consistent
with the underlying policy of the Medicaid statute' " (*id.*, quoting

*Matter of Golf v New York State Dept. of Social Servs*., 91 NY2d 656,
658).

Here, there is no dispute that decedent transferred approximately
$150,000 to her children and grandchildren in June 2010, and she
submitted her application for Medicaid in November 2014.  The look-
back period for transfers made after February 8, 2006 is 60 months
(*see* Social Services Law § 366 [5] [e] [1] [vi]).  Where, as here, an
applicant "has transferred assets for less than fair market value, he
or she must 'rebut the presumption that the transfer of funds was
motivated, in part if not in whole, by . . . anticipation of a future
need to qualify for medical assistance' " (*Matter of Corcoran v Shah*,
118 AD3d 1473, 1473; *see Matter of Donvito v Shah*, 108 AD3d 1196,
1197-1198).  In other words, the applicant must establish that "the
assets were transferred exclusively for a purpose other than to
qualify for [Medicaid]" (§ 366 [5] [e] [4] [iii] [B]).

Contrary to petitioner's contention, there is substantial
evidence to support the determination of the Administrative Law Judge
(ALJ) that decedent failed to rebut that presumption.  First, decedent
"failed to establish that the transfers were 'part of a long-standing
pattern,' inasmuch as she presented no evidence that substantial gifts
such as the uncompensated transfers at issue were made in prior years"
(*Corcoran*, 118 AD3d at 1474; *see Donvito*, 108 AD3d at 1198; *Matter of
Capri v Daines*, 90 AD3d 1530, 1531).  Second, although decedent was
relatively independent at the time of the transfer, she was 86 years
old, had her own medical issues to consider, including diabetes, had
minimal savings apart from the money transferred to relatives, and had
needed financial assistance in the past.  It thus cannot be said that
her entry into a nursing home facility and concomitant need for those
funds were "unanticipated events" (*Matter of Albino v Shah*, 111 AD3d
1352, 1355).  We thus conclude that, given decedent's "advanced age
and [questionable] health," there is evidence to support the ALJ's
determination that the transfers may have been made in part to qualify
for medical assistance (*Capri*, 90 AD3d at 1531).

Although we recognize that there is evidence that would have
supported a contrary determination, we cannot say that the
determination is not supported by substantial evidence.  We further
note that, although decedent's daughter, who had power of attorney,
testified at the hearing that they never received any documentation
notifying them that the look-back period was 60 months instead of 36
months, we need not address the effect that contention would have had
on the ultimate determination inasmuch as the ALJ weighed the
conflicting evidence on that issue and concluded that the daughter
received the requisite notice before the application was filed.
Inasmuch as " '[i]t is for the administrative tribunal, not the
courts, to weigh conflicting evidence, assess the credibility of
witnesses, and determine which [evidence] to accept and which to
reject,' " the ALJ's determination on this issue should not be
rejected (*Faber v Merrifield*, 11 AD3d 1009, 1010; *see Matter of Hall v
Shah*, 100 AD3d 1357, 1360).

Finally, petitioner contends that the ALJ erred in refusing to

consider whether decedent was eligible for benefits under the "undue hardship" provisions (*see* Social Services Law § 366 [5] [e] [4] [iv]). We do not review that contention inasmuch as it is well settled that " '[t]he scope of a CPLR article 78 proceeding, following an administrative hearing, is limited to review of the issues raised and addressed in that hearing' " (*Matter of De Santis v Wing*, 289 AD2d 953, 954; *see Matter of Myles v Doar*, 24 AD3d 677, 678).  At no time during the hearing did decedent's representatives raise the issue of a statutory undue hardship exemption (*cf. Matter of Tarrytown Hall Care Ctr. v McGuire*, 116 AD3d 871, 872), or offer any proof on the relevant factors for that determination (*see Matter of Weiss v Suffolk County Dept. of Social Servs.*, 121 AD3d 703, 705).

Entered:  December 23, 2016                          Frances E. Cafarell
                                                     Clerk of the Court