Matter of Anand v New York State Dept. of Health (2021 NY Slip Op 04350)





Matter of Anand v New York State Dept. of Health


2021 NY Slip Op 04350


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2017-07841
 (Index No. 19385/15)

[*1]In the Matter of Saloni Anand, etc., petitioner,
v
New York State Department of Health, et al., respondents.


Genser Dubow Genser & Cona, LLP, Melville, NY (Kenneth Kern of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark S. Grube of counsel), for respondents New York State Department of Health, Howard A. Zucker, Samuel D. Roberts, and Richard L. Levechuck.
Dennis M. Cohen, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for respondent John F. O'Neill.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Richard L. Levechuck, as Designee of the Commissioner of the New York State Department of Health, dated January 30, 2015. The determination, made after a fair hearing, upheld a decision by the Suffolk County Department of Social Services dated January 30, 2014, that the effective date of Rakesh Anand's undue hardship waiver for Medicaid benefits was December 1, 2012. By decision and order on motion of this Court dated April 16, 2018, the proceeding was dismissed insofar as asserted against the respondent John F. O'Neill.
ADJUDGED that the proceeding is dismissed insofar as asserted against the respondent Samuel D. Roberts, the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits insofar as asserted against the respondents New York State Department of Health, Howard A. Zucker, and Richard L. Levechuck, and one bill of costs is awarded to the respondents New York State Department of Health, Howard A. Zucker, Samuel D. Roberts, and Richard L. Levechuck, payable by the petitioner.
The petitioner, Saloni Anand, administrator of the estate of Rakesh Anand, commenced this proceeding pursuant to CPLR article 78 seeking to annul a determination by the New York State Department of Health (hereinafter DOH), made after a fair hearing, upholding a determination by the Suffolk County Department of Social Services (hereinafter DSS), that the effective date of Rakesh Anand's undue hardship waiver for Medicaid benefits was December 1, 2012. DSS's determination was premised upon the fact that an undue hardship waiver application was not made on Rakesh Anand's behalf until March 2013, and the retroactive effect provisions of Administrative Directive 06 OMM/ADM-5 limit the retroactive effective date for undue hardship waivers to three months prior to the date of the application therefor. The petitioner contends, inter alia, that Rakesh Anand should have been relieved of the three-month retroactive limitation [*2]contained in Administrative Directive 06 OMM/ADM-5 under the "good cause" provisions of 18 NYCRR 351.26, resulting in an earlier effective date for the undue hardship waiver that would encompass the period of September 1, 2011, through November 30, 2012. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Initially, we note that the proceeding must be dismissed insofar as asserted against Samuel D. Roberts, the Commissioner of the Office of Temporary and Disability Assistance (hereinafter the OTDA), as the OTDA did not render the final determination at issue here (see Matter of Mangles v Zucker, 168 AD3d 1060, 1061; Matter of Bosco v McGuire, 111 AD3d 931, 933).
"'In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law'" (Matter of Loiacono v Demarzo, 72 AD3d 969, 969-970, quoting Matter of Gabrynowicz v New York State Dept. of Health, 37 AD3d 464, 465). Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact (see Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d 696; Matter of Sandoval v Shah, 131 AD3d 1254; Matter of Rivera v Blass, 127 AD3d 759).
Here, DOH's determination upholding the undue hardship waiver effective date set by DSS is supported by substantial evidence in the record, and is not affected by error of law. The finding by DOH that reliance upon the "good cause" provisions of 18 NYCRR 351.26 was misplaced as sought to be applied here, because that regulation pertained to Medicaid eligibility, whereas the issue of an undue hardship waiver effective date does not concern such eligibility, is entitled to deference (see Matter of Elcor Health Servs. v Novello, 100 NY2d 273, 280), and we discern no reason to disturb it. In any event, there was substantial evidence before DOH to find that "good cause" was not established pursuant to 18 NYCRR 351.26 to relieve Rakesh Anand of the undue hardship waiver limited retroactive effect provided for in Administrative Directive 06 OMM/ADM-5.
Accordingly, we confirm DOH's determination, deny the petition, and dismiss the proceedings on the merits insofar as asserted against DOH, Howard A. Zucker, the Commissioner of DOH, and Richard L. Levechuck, the Designee of the Commissioner of DOH.
LASALLE, P.J., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court