Matter of Ostler v New York State Dept. of Health (2022 NY Slip Op 06250)

Matter of Ostler v New York State Dept. of Health

2022 NY Slip Op 06250

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-05858
 (Index No. 1044/19, 31834/20)

[*1]In the Matter of Tasha Ostler, etc., et al., petitioners,
v
New York State Department of Health, et al., respondents.

Louis J. Maione, New York, NY, for petitioners.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Amit R. Vora, and Elizabeth Brody of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review four determinations of the New York State Department of Health dated April 1, 2019, April 4, 2019, April 10, 2019, and April 12, 2019, respectively, which, after separate fair hearings before an administrative law judge, denied the petitioners' claims for Medicaid reimbursement for certain out-of-pocket medical and transportation expenses on behalf of themselves and their children, and in the nature of mandamus, inter alia, to compel the respondent New York State Department of Health to reimburse the petitioners for these expenses.
ADJUDGED that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioners and their children are Medicaid recipients. During the relevant time period, the petitioners submitted to the respondent New York State Department of Health (hereinafter DOH) and the Rockland County Department of Social Services (hereinafter DSS) various claims for direct Medicaid reimbursement of various out-of-pocket medical and transportation expenses they incurred on behalf of themselves and their children. The reimbursement claims were either denied outright or granted below the requested full amounts, leading the petitioners to administratively appeal the reimbursement decisions before an administrative law judge (hereinafter ALJ), culminating, as is pertinent here, in six fair hearings held pursuant to 18 NYCRR 358-5.9. Following each hearing, the ALJ upheld the DOH's determinations. The petitioners then commenced this proceeding pursuant to CPLR article 78, to review the aforementioned DOH determinations as upheld by the ALJ, and seeking, in the nature of mandamus, immediate reimbursement of all of the out-of-pocket medical expenses and Medicaid covered transportation expenses incurred on behalf of themselves and their children, from 2011 and ongoing.
The petitioners' contention that the DOH's determinations under review are arbitrary and capricious to the extent that they denied additional reimbursement for Medicaid transportation expenses is barred by the doctrine of collateral estoppel for the reasons stated in the related proceeding, Matter of Maione v Zucker (_____ AD3d _____[decided herewith]). In any event, the DOH's determinations pertaining to transportation expenses, as well as out-of-pocket medical [*2]expenses, are not arbitrary and capricious, but instead, are the product of DOH's reasonable and rational interpretations of its own regulations, advancing the DOH's goal to efficiently allocate limited governmental resources under the Medicaid program (see Matter of Wayne Ctr. for Nursing & Rehabilitation, LLC v Zucker, 197 AD3d 1409, 1416; Matter of Exclusive Ambulette Serv., Inc. v New York State Dept. of Health, 170 AD3d 721, 723; Matter of SCO Family of Servs. v New York State Dept. of Health, 149 AD3d 753, 754; Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello, 72 AD3d 1383, 1386).
Pursuant to CPLR 7803(4), when reviewing an administrative determination with respect to a claim for Medicaid reimbursement made after a fair hearing, the court must ascertain whether there is substantial evidence supporting the determination (see Matter of Dell'Olio v New York State Off. of Temporary & Disability Assistance, 166 AD3d 614; Matter of Schaffer v Zucker, 165 AD3d 1266, 1267). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Mangels v Zucker, 168 AD3d 1060, 1061; see Matter of Kennedy v State of New York Justice Ctr. for the Protection of People with Special Needs, 204 AD3d 670, 671-672). "The petitioner bears the burden of demonstrating eligibility" (Matter of Mangels v Zucker, 168 AD3d at 1061). Here, the DOH's determinations are supported by substantial evidence (see 18 NYCRR 358-5.9[a][1], [b]).
Accordingly, we confirm the DOH's determinations, deny the petition, and dismiss the proceeding on the merits.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court