Matter of Onondaga Ctr. for Rehabilitation & Healthcare v New York State Dept. of Health (2022 NY Slip Op 07335)

Matter of Onondaga Ctr. for Rehabilitation & Healthcare v New York State Dept. of Health

2022 NY Slip Op 07335

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
775
TP 21-00254
 

&em;

[*1]IN THE MATTER OF ONONDAGA CENTER FOR
REHABILITATION AND HEALTHCARE, PETITIONER,
 
V MEMORANDUM AND ORDER
 
v
NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENT,
ET AL., RESPONDENTS.
 
COWART DIZZIA LLP, NEW YORK CITY (CARI-ANN LEVINE OF COUNSEL), FOR PETITIONERS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR RESPONDENT.

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Anthony J. Paris, J.], entered October 26, 2020) to review a determination of respondents. The determination denied an application for Medicaid benefits.
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner is a skilled nursing facility and the designated authorized representative of the estate of Mary King. King was a former resident of the nursing facility. Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul a determination of respondent, made after a fair hearing, that affirmed the denial of an application for Medicaid benefits filed on behalf of King. The Onondaga County Department of Social Services (DSS) had denied the application based on the applicant's failure to provide documentation necessary to determine King's eligibility for such benefits.
"In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the [respondent's] decisions are supported by substantial evidence and are not affected by an error of law" (Matter of Capri v Daines, 90 AD3d 1530, 1530 [4th Dept 2011] [internal quotation marks omitted]). Contrary to petitioner's contention, the determination of respondent that King did not show good cause for failing to submit required documentation is supported by substantial evidence. "An applicant for . . . public assistance is exempt from complying with any requirement concerning eligibility for public assistance if the applicant . . . establishes that good cause exists for failing to comply with the requirement" (18 NYCRR 351.26 [a]). Good cause for failure to comply with an eligibility requirement exists when "(1) the applicant . . . has a physical or mental condition which prevents compliance; (2) the applicant's . . . failure to comply is directly attributable to social services district error; or (3) other extenuating circumstances, beyond the control of the applicant . . . , exist[] which prevent the applicant . . . from being reasonably expected to comply with an eligibility requirement" (id.). In this case, substantial evidence supports the conclusion that King failed to meet her burden of "notifying the social services district of the reasons for failing to comply with an eligibility requirement and for furnishing evidence to support any claim of good cause" (18 NYCRR 351.26 [b]; see Matter of Hill v Zucker, 172 AD3d 1895, 1896 [4th Dept 2019]). Although petitioner further contends that DSS failed to conduct a collateral investigation (see 18 NYCRR 360-2.3 [a] [3]), that issue was not raised at the fair hearing and was instead improperly raised for the first time in the petition (see Hill, 172 AD3d at 1896-1897). Petitioner's contention therefore is not properly before us, and we have no discretionary authority to review it (see id. at 1897).
Finally, petitioner contends that respondent's determination was superseded by subsequent actions of DSS and by a subsequent decision after the fair hearing rendered by respondent. Petitioner, however, failed to raise that issue in its petition. We therefore conclude that the contention is not properly before us, and we do not consider its merits (see Matter of Oliver v D'Amico, 151 AD3d 1614, 1616-1617 [4th Dept 2017], lv denied 30 NY3d 913 [2018], rearg denied 31 NY3d 1066 [2018]; see generally Matter of Bottom v Annucci, 26 NY3d 983, 985 [2015]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court