Matter of Garland v Zucker (2023 NY Slip Op 01001)

Matter of Garland v Zucker

2023 NY Slip Op 01001

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2020-01138
 (Index No. 9232/19)

[*1]In the Matter of Jessica Garland, petitioner,
v
Howard Zucker, etc., respondent.

Legal Services of the Hudson Valley, White Plains, NY (Mary Grace Ferone of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Blair J. Greenwald of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated July 30, 2019. The determination, after a fair hearing pursuant to Social Services Law § 22, upheld a determination of the New York State Office for People with Developmental Disabilities dated March 27, 2018, denying the petitioner's application for services under the Medicaid Home and Community Based Services Waiver program.
ADJUDGED that the determination dated July 30, 2019, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
In a determination dated March 27, 2018, the New York State Office for People with Developmental Disabilities (hereinafter the OPWDD) denied the petitioner's application for services under the Medicaid Home and Community Based Services Waiver (hereinafter HCBS Waiver) program on the ground that she failed to establish that she had a developmental disability as defined in Mental Hygiene Law § 1.03(22). In a determination dated July 30, 2019, made after a fair hearing pursuant to Social Services Law § 22, the New York State Department of Health (hereinafter the DOH) upheld the OPWDD's determination. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the DOH's determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (Matter of Anand v New York State Dept. of Health, 196 AD3d 563, 564 [internal quotation marks omitted]; see Matter of Mangels v Zucker, 168 AD3d 1060, 1061; Matter of Schaffer v Zucker, 165 AD3d 1266, 1267). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Anand v New York State Dept. of Health, 196 AD3d at 564; see Matter of Jason B. v Novello, 12 NY3d 107, 114; Matter of Stanley B. v Shah, 103 AD3d 890). "'[T]he court[ ] may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists'" (Matter of Stanley B. v Shah, 103 AD3d at 890, quoting Matter of J. Scaramella Trucking v Martinez, 39 AD3d 858, 859; see Matter [*2]of Marine Holdings, LLC v New York City Commn. on Human Rights, 31 NY3d 1045, 1047). "The petitioner bears the burden of demonstrating eligibility" (Matter of Mangels v Zucker, 168 AD3d at 1061; see Matter of Schaffer v Zucker, 165 AD3d at 1267).
Here, there is an adequate basis in the record for the DOH's finding that the petitioner did not have a developmental disability within the meaning of Mental Hygiene Law § 1.03(22), including, among other things, the petitioner's failure to present sufficient evidence that she had substantial adaptive behavior deficits during the developmental period or that she received a qualifying diagnosis. Accordingly, the DOH's determination to uphold the denial of the petitioner's application for HCBS Waiver services was supported by substantial evidence (see Matter of Jason B. v Novello, 12 NY3d at 114; Matter of Stanley B. v Shah, 103 AD3d at 890).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court