Matter of Washington Ctr. for Rehabilitation & Nursing Home v New York State Dept. of Health (2023 NY Slip Op 04040)

Matter of Washington Ctr. for Rehabilitation & Nursing Home v New York State Dept. of Health

2023 NY Slip Op 04040

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

486 TP 22-00292

[*1]IN THE MATTER OF WASHINGTON CENTER FOR REHABILITATION AND NURSING HOME, AND ALBERT B. NOLETTE, WASHINGTON COUNTY TREASURER, AS TEMPORARY LIMITED ADMINISTRATOR FOR THE ESTATE OF SALLY BARDEN, DECEASED, PETITIONERS,
v
NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENT. 

COWART DIZZIA LLP, NEW YORK CITY (JENNIFER SWEENEY OF COUNSEL), FOR PETITIONERS. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN LUSIGNAN OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Bernadette T. Clark, J.], entered January 18, 2022) to review a determination of respondent. The determination imposed a penalty period upon an application for Medicaid for nursing facility services. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul a determination of respondent, which upheld after a fair hearing the finding of the Oneida County Department of Social Services (DSS) that Sally Barden (decedent) made uncompensated transfers during the look-back period (see Social Services Law § 366 [5] [a], [e] [1] [vi]), but modified the finding as to the amount of uncompensated transfers and the resulting penalty period, during which she was ineligible for Medicaid nursing facility services. We now confirm the determination.
"When reviewing a Medicaid eligibility determination made after a fair hearing, we must determine whether the agency's decision is supported by substantial evidence and [is] not affected by an error of law, bearing in mind that the petitioner bears the burden of demonstrating eligibility" (Matter of Flannery v Zucker, 136 AD3d 1385, 1385 [4th Dept 2016] [internal quotation marks omitted]). "We will uphold the agency's determination when it is 'premised upon a reasonable interpretation of the relevant statutory provisions and is consistent with the underlying policy of the Medicaid statute' " (id., quoting Matter of Golf v New York State Dept. of Social Servs., 91 NY2d 656, 658 [1998]).
Contrary to petitioners' contention, substantial evidence supported respondent's determination that decedent's son made the uncompensated transfers on behalf of decedent as power of attorney for her, rather than in his capacity as the executor of his father's estate, and that those uncompensated transfers were made, at least in part, in order for decedent to qualify for Medicaid (see Matter of Underwood v Zucker, 191 AD3d 1438, 1441 [4th Dept 2021]; Matter of Burke, 145 AD3d 1589, 1589-1590 [4th Dept 2016]; Matter of Conners v Berlin, 105 AD3d 1208, 1211 [3d Dept 2013]).
Petitioners further contend that respondent's determination with respect to the effective date of an undue hardship waiver is arbitrary and capricious or contrary to law because there was [*2]inadequate notice to decedent of the opportunity to apply for such a waiver. We reject that contention. The evidence established that DSS provided adequate notice pursuant to Social Services Law § 366 (5) (e) (4) (iv) by letter dated October 23, 2018, which was well before it issued its first determination granting decedent's application for Medicaid limited coverage with a penalty period. Notwithstanding that notice, petitioners did not apply for an undue hardship waiver until December 19, 2019, more than three months after the transfer penalty period had expired. Respondent properly concluded that, pursuant to Administrative Directive 06 OMM/ADM-5, the undue hardship waiver period could extend no more than three months prior to the month in which the application for an undue hardship waiver was made, and any undue hardship waiver would have no effect here because it would not overlap with the penalty period (see Matter of Anand v New York State Dept. of Health, 196 AD3d 563, 564-565 [2d Dept 2021]; see generally Matter of Blue v Zucker, 192 AD3d 1693, 1695-1696 [4th Dept 2021]).
We do not review petitioners' remaining contentions, which are not properly before us inasmuch as petitioners failed to raise them in the administrative hearing (see Burke, 145 AD3d at 1590; Matter of Vacari v Wing, 244 AD2d 974, 976 [4th Dept 1997]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court