Matter of Mills Pond Nursing & Rehabilitation Ctr. v New York State Dept. of Health (2025 NY Slip Op 04480)

Matter of Mills Pond Nursing & Rehabilitation Ctr. v New York State Dept. of Health

2025 NY Slip Op 04480

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-11135
 (Index No. 610474/22)

[*1]In the Matter of Mills Pond Nursing and Rehabilitation Center, et al., petitioners,
v
New York State Department of Health, respondent. Cowart Dizza, LLP, New York, NY (Suzan Arden of counsel), for petitioners.

Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Kartik Naram of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated January 25, 2022. The determination, after a fair hearing pursuant to Social Services Law § 22, upheld a determination of the Suffolk County Department of Social Services dated July 24, 2019, denying an application for Medicaid benefits made on behalf of Mildred Sellitto.
ADJUDGED that the determination dated January 25, 2022, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioners commenced this proceeding pursuant to CPLR article 78 to annul a determination of the New York State Department of Health (hereinafter the DOH), made after a fair hearing pursuant to Social Services Law § 22. The DOH upheld a determination of the Suffolk County Department of Social Services (hereinafter the DSS) denying an application for Medicaid benefits made on behalf of Mildred Sellitto, then a resident at Mills Pond Nursing and Rehabilitation Center, due to the failure to timely submit proper documentation. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (Matter of Anand v New York State Dept. of Health, 196 AD3d 563, 564 [internal quotation marks omitted]; see Matter of Mangels v Zucker, 168 AD3d 1060, 1061; Matter of Schaffer v Zucker, 165 AD3d 1266, 1267). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Anand v New York State Dept. of Health, 196 AD3d at 564; see Matter of Jason B. v Novello, 12 NY3d 107, 114; Matter of Stanley B. v Shah, 103 AD3d 890, 890). "'The court may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists'" (Matter of Stanley B. v Shah, 103 AD3d at 890 [alterations and internal quotation marks omitted], quoting Matter of J. Scaramella Trucking v Martinez, 39 AD3d 858, 859; see Matter of Marine Holdings, LLC v New York City Commn. on Human Rights, 31 NY3d 1045, 1047). "The petitioner bears the burden of [*2]demonstrating eligibility" (Matter of Mangels v Zucker, 168 AD3d at 1061; Matter of Schaffer v Zucker, 165 AD3d at 1267).
The record established that the petitioners did not provide the documents necessary for the processing of the subject application in a timely manner and did not show any diligent efforts to obtain the missing documents in their third extension request (see Matter of Mangels v Zucker, 168 AD3d at 1061-1062; Matter of Bosco v McGuire, 111 AD3d 931, 932). Moreover, as the petitioners did not establish that they were unable to provide the requested documents, the DSS had no obligation to conduct a collateral investigation (see 18 NYCRR 360-2.3[a][1], [2], [3]; Matter of Niosi v Blass, 94 AD3d 892, 893; Matter of LoBlanco v Hansell, 83 AD3d 1072, 1073).
Accordingly, the DOH's determination to uphold the denial of the subject application for Medicaid benefits was supported by substantial evidence (see Matter of Mangels v Zucker, 168 AD3d at 1061; Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d 696, 696; Matter of Bosco v McGuire, 111 AD3d at 932).
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court