Matter of Curtis v McDonald (2025 NY Slip Op 07301)

Matter of Curtis v McDonald

2025 NY Slip Op 07301

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2023-08852
 (Index No. 51741/23)

[*1]In the Matter of Anthony Curtis, petitioner,
vJames . McDonald, etc., et al., respondents.

Law Offices of Joseph F. Kilada, P.C., Garden City, NY (Jamie A. Rowsell and Fran Rudich of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Kartik Naram of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated January 24, 2023. The determination, after a fair hearing pursuant to Social Services Law § 22, upheld a determination of the New York State Office for People with Developmental Disabilities dated March 4, 2022, denying the petitioner's application for Medicaid funded services.
ADJUDGED that the determination dated January 24, 2023, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
In a determination dated March 4, 2022, the New York State Office for People with Developmental Disabilities (hereinafter the OPWDD) denied the petitioner's application for Medicaid funded services on the ground that he failed to establish that he had a substantial handicap within the meaning of Mental Hygiene Law § 1.03(22)(d). In a determination dated January 24, 2023, made after a fair hearing pursuant to Social Services Law § 22, the New York State Department of Health (hereinafter the DOH) upheld the OPWDD's determination. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the DOH's determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (Matter of Anand v New York State Dept. of Health, 196 AD3d 563, 564 [internal quotation marks omitted]; see Matter of Medford Multicare Ctr. v Zucker, 161 AD3d 1160, 1161). "'Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Ostler v New York State Dept. of Health, 210 AD3d 784, 786, quoting Matter of Mangels v Zucker, 168 AD3d 1060, 1061). "[T]he court[ ] may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists" (Matter of Garland v Zucker, 213 AD3d 933, 934 [internal quotation marks omitted]; see Matter of Stanley B. v Shah, 103 AD3d 890, 890). "'The petitioner bears the burden of demonstrating eligibility'" (Matter of Maione v Zucker, 210 AD3d 776, 778, quoting Matter of Mangels v Zucker, 168 AD3d [*2]at 1061).
Here, there is an adequate basis in the record for the DOH's finding that the petitioner did not have a substantial handicap within the meaning of Mental Hygiene Law § 1.03(22)(d), including, among other things, the petitioner's failure to present sufficient evidence that he had substantial adaptive deficits originating within the development period that can be attributed to his qualifying condition. Accordingly, the DOH's determination to uphold the denial of the petitioner's application for Medicaid funded services was supported by substantial evidence (see Matter of Jason B. v Novello, 12 NY3d 107, 114; Matter of Garland v Zucker, 213 AD3d at 934; Matter of Stanley B. v Shah, 103 AD3d at 890).
CONNOLLY, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court