Matter of Danahy v McDonald (2026 NY Slip Op 01197)

Matter of Danahy v McDonald

2026 NY Slip Op 01197

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-03718
 (Index No. 57538/24)

[*1]In the Matter of Michael Danahy, petitioner,
vJames . McDonald, etc., et al., respondents.

Abrams Fensterman, LLP, Lake Success, NY (Douglas K. Stern of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Blair J. Greenwald of counsel), for respondent James V. McDonald.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated October 23, 2023. The determination, after a fair hearing pursuant to Social Services Law § 22, upheld a determination of the Westchester Independent Living Center/Putnam Independent Living Services dated December 28, 2022, discontinuing the petitioner's participation in the Home and Community-Based Services Medicaid Waiver for Individuals with Traumatic Brain Injury program. By orders dated April 11, 2024, and August 19, 2024, the Supreme Court, Westchester County (Maurice Dean Williams, J.), dismissed the petition insofar as asserted against all of the respondents except the respondent James V. McDonald.
ADJUDGED that the determination dated October 23, 2023, is confirmed, the petition is denied insofar as reviewed, and the proceeding is dismissed on the merits insofar as asserted against the respondent James V. McDonald, with costs.
In a determination dated December 28, 2022 (hereinafter the December 2022 determination), the Westchester Independent Living Center/Putnam Independent Living Services discontinued the petitioner's participation in the Home and Community-Based Services Medicaid Waiver for Traumatic Brain Injury program (hereinafter the TBI waiver program) based upon, among other things, the petitioner's failure to identify an appropriate community residence where he would receive waiver services. In a determination dated October 23, 2023, made after a fair hearing pursuant to Social Services Law § 22, the New York State Department of Health (hereinafter the DOH) upheld the December 2022 determination.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the DOH's determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g). By orders dated April 11, 2024, and August 19, 2024, the Supreme Court dismissed the petition insofar as asserted against all of the respondents except the respondent James V. McDonald, as Commissioner of the DOH.
"'In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law'" (Matter of Garland v Zucker, 213 [*2]AD3d 933, 934, quoting Matter of Anand v New York State Dept. of Health, 196 AD3d 563, 564; see Matter of Mangels v Zucker, 168 AD3d 1060, 1061; Matter of Schaffer v Zucker, 165 AD3d 1266, 1267). "'Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Garland v Zucker, 213 AD3d at 934, quoting Matter of Anand v New York State Dept. of Health, 196 AD3d at 564; see Matter of Jason B. v Novello, 12 NY3d 107, 114; Matter of Stanley B. v Shah, 103 AD3d 890, 890). "'[T]he court[ ] may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists'" (Matter of Garland v Zucker, 213 AD3d at 934 [internal quotation marks omitted], quoting Matter of Stanley B. v Shah, 103 AD3d at 890). "'The petitioner bears the burden of demonstrating eligibility"' (id., quoting Matter of Mangels v Zucker, 168 AD3d at 1061; see Matter of Schaffer v Zucker, 165 AD3d at 1267).
Here, there is an adequate basis in the record for the DOH's finding that the petitioner failed to identify an appropriate community residence where he would receive services, which is a mandatory requirement to participate in the TBI waiver program. The record of the proceedings shows that the petitioner's sister terminated his apartment lease in December 2022 and that, as of the date of the hearing, another appropriate residence in the community had not been identified. As such, the DOH's determination to uphold the December 2022 determination discontinuing the petitioner's participation in the TBI waiver program was supported by substantial evidence (see Matter of Jason B. v Novello, 12 NY3d at 114; Matter of Garland v Zucker, 213 AD3d at 934; Matter of Stanley B. v Shah, 103 AD3d at 890).
Accordingly, we confirm the DOH's determination, deny the petition insofar as reviewed, and dismiss the proceeding on the merits insofar as asserted against McDonald.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court